UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------------
In re

      WILLIAM T. RYAN and EILEEN RYAN      06-00395 B

                          Debtors                      DECISION & ORDER
------------------------------------------------------

            William R. Hites Law Offices
            Jason Breen, Esq., of counsel
            69 Delaware Avenue, Suite 1012
            Buffalo, New York 14202-3801
            Attorney for the Debtors

            Gullace & Weld, LLP
            George Schmergel, Esq., of counsel
            500 First Federal Plaza
            Rochester, New York 14614
            Attorneys for Wells Fargo Financial National Bank

Bucki, U.S.B.J.

     As amended by the State of New York in 2001, Article 9 of the Uniform Commercial Code now provides that "[a] security interest does not exist under this article in ordinary building materials incorporated into an improvement on land." N.Y.U.C.C. § 9-334(a)(McKinney 2002). In the present instance, the debtors object to the secured status of a claim that asserts a lien on a bathtub. The defining issue is whether that bathtub constitutes something other than an ordinary building material, so that it may be subject to a security interest.

     In November of 2004, William and Eileen Ryan purchased a bathtub, together with related coiling and attachments, for installation into their home. After paying a deposit of $300, Mr. and Mrs. Ryan borrowed $3,966 from Wells Fargo Financial National Bank ("Wells Fargo") to finance the balance due on their purchase. Pursuant to the language of the charge slip, Mr. and Mrs. Ryan further gave to Wells Fargo a purchase-money security interest in the goods.

However, Wells Fargo never filed a financing statement, either as a fixture filing or otherwise.

More than one year after the installation of the bathtub into their home, William and Eileen Ryan filed a joint petition for relief under chapter 13 of the Bankruptcy Code. In schedules presented with that petition, the debtors did not include Wells Fargo on the list of secured creditors. Nonetheless, Wells Fargo submitted a timely proof of claim, in which it asserted that the outstanding obligation of $5,179.43 was partially secured by "bath accessories" having a value of $3,200.00. In response, Mr. and Mrs Ryan filed the present objection to the allowance of the claim as a secured obligation.

When the court first heard argument on this matter, the debtors asserted that Wells Fargo held only an unsecured claim, by reason of its failure to complete a fixture filing. Such may have been the law prior to 2001. *See* former N.Y.U.C.C. § 9-302(1)(d)(McKinney 1964)(repealed 2001). A different result follows, however, under the currently applicable revision to Article 9.

The debtors purchased the bathtub for their personal and household use. Thus, it satisfies the definition of "consumer goods" in UCC § 9-102(23). Pursuant to UCC § 9-203(a), "[a] security interest attaches to collateral when it becomes enforceable against the debtor with respect to the collateral . . . ." Subject to exceptions not here relevant, purchase-money security interests in consumer goods are perfected when they attach, without need for filing a financing statement. N.Y.U.C.C. § 9-309(1). So long as the bathtub existed as personal property, Wells Fargo would enjoy a perfected security interest in that collateral. In the present instance, however, the bathtub has now become so affixed to real estate as to constitute a fixture. *In re Metzgar*, 242 B.R. 226 (Bankr. W.D.N.Y. 1999). The focus of the present dispute, therefore, is

whether Wells Fargo maintains a security interest even after the bathtub's installation. The answer derives from the following text of UCC § 9-334(a):

> A security interest under [UCC Article 9] may be created in goods that are fixtures or may continue in goods that become fixtures. A security interest does not exist under this article in ordinary building materials incorporated into an improvement on land.

Pursuant to the first sentence of UCC § 9-334(a), a perfected security interest in goods will generally continue even after they have become a fixture to real property. A creditor may wish to effect a fixture filing in order to establish priority under UCC § 9-334(d) and (e) as against other interests,[1] but the perfection of a security interest in goods will suffice to preserve the security interest in those goods as fixtures. For consumer goods, if a creditor achieves perfection of a security interest without filing, then that perfection will continue after those goods become attached to real property. An exception to this rule arises from the second sentence of UCC § 9-334(a), however, with respect to "ordinary building materials."

Official Comment 3 to UCC § 9-334 provides a helpful clarification of the distinction among goods, fixtures, and ordinary building materials:

> Thus, this section recognizes three categories of goods: (1) those that retain their chattel character entirely and are not part of the real property; (2) ordinary building materials that have become an integral part of the real property and cannot retain their chattel character for purposes of finance; and (3) an intermediate class that has become real property for certain purposes, but as to which chattel financing may be preserved.

*Accord*, JAMES J. WHITE and ROBERT S. SUMMERS, UNIFORM COMMERCIAL CODE: SECURED TRANSACTIONS § 24-5 (5th Edition 2000).

---

[1] Here, priority is not at issue, inasmuch as the debtors' home enjoys sufficient value to secure all encumbrances.

To the extent that it is an ordinary building material, the bathtub has become part of the debtors' real property and is no longer subject to any lien of Wells Fargo. To the extent that the bathtub is something other than an ordinary building material, Wells Fargo retains a lien in that fixture even after its attachment to the real property. As to the determination of character as an ordinary building material, New York law will prevail.

Neither the parties nor this court has identified any reported decisions, from New York or elsewhere, which have interpreted the meaning of "ordinary building materials" for purposes of UCC § 9-334(a). The debtors cite *Mutual Lumber Co. v. Sheppard*, 173 S.W.2d 494 (Texas 1943), where the court indicated that bathtubs were building materials for purposes of a tax exemption statute. With that conclusion, I have no quarrel. The circumstances clearly distinguish the present dispute, however, in as much as UCC § 9-334(a) references not mere "building materials," but "ordinary building materials." Thus, in the present instance, the court's interpretation becomes a matter of first impression.

As personal property that owners can install into a house, a bathtub qualifies as building material. But is it an *ordinary* building material? Every item of building material places somewhere on a continuum that distinguishes the ordinary from the extraordinary. In deciding the present dispute, I will not hazzard to define the limits of ordinariness. Rather, it suffices to ask whether the debtor's particular bathtub is sufficiently different or unique as to fall into the range of the extraordinary. Here, the debtors bought no simple bathtub. According to the charge slip, their purchase included not only a tub, but related walls, coiling and other fixtures. The coiling indicates that the tub served as something more than a container to hold water, but instead incorporated luxury features. Altogether, these items cost $4,266.00. The seller was no common

supplier of building materials, but a specialty store with a focus on the sale of bathtubs.

After considering the evidence presented, I believe that New York courts would likely conclude that the disputed bathtub does not qualify as ordinary building material.  Thus, it may be subject to a security interest under Article 9 of the Uniform Commercial Code.  At the time of sale, the security interest of Wells Fargo attached to the bathtub.  Because this collateral was a consumer good, the lien became immediately perfected under UCC § 9-309(1), without need for filing a financing statement.  Then, pursuant to UCC § 9-334(a), that security interest continued in the bathtub even after it became a fixture in the debtors' home.  Accordingly, I must overrule the objection to the secured claim of Wells Fargo.

So ordered.

Dated:	Buffalo, New York	/s/   CARL L. BUCKI
	February 20, 2007	U.S.B.J.